## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. HOLMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3308 |
| | ) | |
| NEIL WILLIAMSON, | ) | |
| JIM MINOR, WILLIAM STRAYER | ) | |
| TERRY DURR, SCOTT LOFTUS, | ) | |
| and GREGORY CLEMONDS, | ) | |
| | ) | |
| Defendants, | ) | |

## <u>OPINION</u>

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff Larry Holmes, proceeding *pro se* and currently detained in the

Sangamon County Jail ("Jail"), has filed this case challenging the amounts charged

at the Jail's commissary. The case is before the Court for a merit review pursuant

to 28 U.S.C. § 1915A.

As Plaintiff admits in his Complaint, he already filed a case on this subject

matter which was dismissed by this Court on August 2, 2011, for failure to state a

claim. <u>Holmes v. Williamson</u>, 11-CV-3256 (C.D. Ill., 2011). In the prior case,

Plaintiff alleged that the Jail was swindling inmates by overcharging them on

commissary items. This Court concluded that it could not

discern a constitutional violation from the alleged overcharging.  The
Court knows of no constitutional right to be able to purchase
commissary items at a certain price.  If the Jail is violating some sort
of contractual or state law pricing obligation, that would be a state law
claim, not a federal claim.  A violation of state law is not, by itself, a
violation of federal law. . . . Likewise, a breach of contract action,
even imagining one might exist which Plaintiff has standing to
enforce, would be a state law claim belonging in state court.

This Court assessed a "strike" for the prior case and warned Plaintiff that he should

take care to avoid incurring additional strikes.

This case involves the same alleged overcharging with small variations on

the theme.  As with the prior case, Plaintiff asserts that the overcharging violates a

contract between the Jail and Keefe Commissary.  As the Court already ruled, this

does not state a federal claim.  Plaintiff also contends that the Jail is violating state

laws or regulations by not using the commissary proceeds to help inmates, but that

claim also states no federal claim.  As the Court has already informed Plaintiff, a

violation of state law is not, by itself, a violation of federal law.  Osteen v. Henley,

13 F.3d 221, 225 (7th Cir.1993).  Plaintiff further contends that the overcharging

violates the Racketeer Influenced and Corrupt Organizations Act,18 U.S.C. § 1961

*et seq*. ("RICO").  He apparently grounds this conclusion on alleged collusion

between the Jail and Keefe Commissary to overcharge the inmates.  Yet no

plausible inference arises that the overcharging amounts to "racketeering activity"

as defined under 18 U.S.C. § 1961(1).

Plaintiff next alleges that inmates do not receive the commissary items that they pay for, and that the Jail "steal[s] money" from inmates' accounts. Plaintiff cannot sue on behalf of other inmates. If he is alleging that the Jail has stolen *his* money, that is an unauthorized deprivation of property not actionable in federal court. The intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available. <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Murdock v. Washington</u>, 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied,* 529 U.S. 1134 (2000). The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. *See* <u>Stewart v. McGinnis</u>, 5 F.3d 1031, 1035-36 (7th Cir. 1993).

In sum, Plaintiff still states no federal claim and he has incurred an additional strike in bringing this action.

IT IS THEREFORE ORDERED:

1.  Plaintiff's complaint is dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is closed.

2.  This dismissal shall count as one of Plaintiff's three "strikes" pursuant to 28 U.S.C. § 1915(g). The Clerk of the Court is directed to record Plaintiff's

strike in the three-strike log.

3.      Plaintiff's *in forma pauperis* petition is granted (d/e 3) for the purpose of collecting the filing fee in installments.  The agency having custody of Plaintiff is directed to make monthly payments of twenty percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. These payments shall be forwarded  each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. The Clerk is directed to mail a copy of this order to the Jail, to the attention of the trust fund office.

4.      If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee regardless of the outcome of the appeal.  Plaintiff may also be assessed another "strike" by the Court of Appeals if his appeal is dismissed for one of the reasons stated in § 1915(g).

ENTERED:   August 24, 2011

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
    UNITED STATES DISTRICT JUDGE